[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION de DEFENDANT'S MOTION FOR CONTEMPT (141.30)
The defendant alleges that the plaintiff has failed to pay all the alimony that the defendant alleges she is entitled to pursuant to the separation agreement which is incorporated in their dissolution judgment entered on December 22, 1998. Although the language in the motion is quite general the specific item in dispute is a payment of $80,000 that the plaintiff received in 1999 from his current employer, Bear Steams. The defendant claims that the payment should be considered income to the plaintiff and a portion paid to her as alimony. CT Page 15047
The terms of his employment are found in a letter agreement dated June 21, 1999, (Defendant's Exhibit D). Quoting from the letter:
"You will receive an annual salary of $200,000. On the fiscal year-end June 30, 1999 bonus payday (anticipated to be late July 1999), you will receive two advanced, special payments of: (1) $245,000; and (2) $80,000. These special payments are to compensate you for any accrued bonus and non-vested stock and options you state you are leaving behind at your current employer. The $245,000 payment is meant to compensate you for the bonus you are leaving behind at your current employer. The $80,000 payment is meant to compensate you for the non-vested stock and options which you state you are forfeiting ("Forfeited Stock") as a result of your departure form (sic) your current employer. of course, you will be required to evidence the number of Forfeited Stock held by you at the time of the your departure and that such a forfeiture occurs."
The plaintiff obtained a statement from Morgan Stanley which he marked up and then submitted to Bear Steams, listing "total value=$79,806.45" as the evidence needed to justify the payment of $80,000 to the plaintiff. The plaintiff claims the payment is compensation for his loss of the non-vested units and non-vested options which were his property or assets and which he forfeited upon leaving Morgan Stanley.
An examination of the separation agreement, paragraphs 7.15 and 7.16 each state that payments to the defendant pursuant to said paragraphs are non-taxable to her and are not includable in her income. A reasonable inference is that these payments were in the nature of division of assets if or when paid. The court notes that article VII is entitled DIVISION OF PROPERTY and article II is captioned ALIMONY and SUPPORT. In paragraph 2.9 it is clear that all payments made pursuant to article II shall be included as taxable income to the defendant. Paragraph 7.18 applies to the benefit set forth in 7.15, 7.16 and 7.17. The court concludes that the payment of $80,000 was for compensation to the plaintiff for the loss of his sole property. The defendant's motion is denied. Both parties have requested an award of attorney's fees and both requests are denied.
HARRIGAN, J.